# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3916

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Avery West, also known as Pig, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 25, 2009
Filed: December 21, 2009

_____

Before BYE, ARNOLD, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

A jury convicted Avery West of conspiring to possess cocaine and cocaine base with the intent to distribute it, *see* 21 U.S.C. §§ 841(a)(1), 846, 851(a), possessing cocaine and cocaine base (in two separate counts) with the intent to distribute it, *see* 21 U.S.C. § 841(a), and conspiring to launder money, *see* 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i). After the district court[1] imposed a 400-month sentence, Mr. West appealed, challenging the denial of his motions to suppress evidence. We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Before trial, Mr. West filed separate motions to suppress drugs seized during a search of his home and to suppress the content of wiretapped phone conversations. After conducting evidentiary hearings, a magistrate judge[2] filed a report and recommendation as to each motion; she made factual findings, recommended that the motions be denied, and notified the parties that a failure to object might result in a "waiver of the right to appeal questions of fact." Mr. West filed no objections, and the district court adopted the magistrate's reports and recommendations in full. *See* 28 U.S.C. § 636(b)(1). At trial, the government introduced the seized drugs and the content of some of the wiretapped phone conversations into evidence.

Although we ordinarily review a district court's factual findings in support of its ruling on a motion to suppress for clear error, because Mr. West did not object to the magistrate's findings of fact we review them for plain error only. *United States v. James*, 353 F.3d 606, 612 (8th Cir. 2003). But we subject the district court's legal conclusions to *de novo* review regardless of whether objections are filed. *Id.*

I.

Mr. West contends that the district court should have suppressed the drugs seized during a search of the residence that he shared with Kimberly Brown. The fourth amendment generally requires a police officer to obtain a warrant based on probable cause before entering or searching an individual's home, unless the attendant circumstances establish a recognized exception to the requirement. *See United States v. Leveringston*, 397 F.3d 1112, 1114 (8th Cir. 2005), *cert. denied*, 546 U.S. 862 (2005); U. S. Const. amend. IV. Mr. West does not challenge the existence of probable cause, which was plainly present. He maintains, however, that the drugs should have been suppressed because the officers did not obtain a warrant until after they had conducted the search in issue. At the evidentiary hearing, the government

---

[2]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

and Mr. West offered conflicting evidence as to when the search occurred. After noting internal inconsistencies in the accounts that Mr. West's witnesses gave, the district court credited the testimony of a detective on the scene who testified that the officers waited until the warrant issued before conducting the search. A district court's assessment of witness credibility is "virtually unreviewable on appeal." *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995), *cert. denied*, 516 U.S. 892 (1995). We detect no error, plain or otherwise, in the court's finding that the search was conducted after the police obtained a warrant.

Mr. West's alternative argument is that the evidence is inadmissible because the officers entered the house illegally. Although the police admittedly entered the residence before they had a warrant, the district court found on a sufficient record that Ms. Brown had voluntarily consented to their entry. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *United States v. Spotted Elk*, 548 F.3d 641, 652 (8th Cir.2008). Nor was there any evidence that Ms. Brown ever withdrew her consent. *See United States v. Parker*, 412 F.3d 1000, 1002 (8th Cir. 2005). The officers' entry was legal because Ms. Brown consented to it, and so we need not reach Mr. West's contention that an illegal entry would have rendered the evidence inadmissible, *but see Segura v. United States*, 468 U.S. 796 (1984).

## II.

Mr. West also moved to suppress the content of phone conversations that the government intercepted by wiretapping the phone that he used. He argues first that the government failed to present sufficient evidence to meet the so-called necessity requirement of 18 U.S.C. § 2518: When applying for wiretap authorization, the government must explain fully what investigative procedures "have been tried and failed or why they reasonably appear unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(1)(c), and, before granting an application, the court must find that "normal investigative procedures" have failed or "reasonably appear to be unlikely to succeed if tried or to be too dangerous," 18 U.S.C. § 2518(3)(c). Here,

the district court[3] that authorized the wiretap concluded that the government had made the requisite showing of necessity, a factual finding that we review for clear error. *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003); *see United States v. Thompson*, 210 F.3d 855, 859 (8th Cir.2000).

The government attached to its application a sixty-one page affidavit signed by Special DEA Agent Brendan Moles that detailed the government's use of other investigative techniques, including surveillance, confidential informants, and telephone pen registers (mechanical devices that record numbers called, but not the content of conversations, on non-disposable phones). Agent Moles also explained why other techniques, such as grand jury subpoenas and undercover agents, would have been ineffective or dangerous in the circumstances. Although the government had obtained a significant amount of information about the extensive drug operation in which Mr. West was a primary player, the agent attested that normal investigative procedures had not uncovered the sources of the cocaine in which he dealt.

"If law enforcement officers are able to establish that conventional investigatory techniques have not been successful in exposing the full extent of the conspiracy and the identity of each coconspirator, the necessity requirement is satisfied." *Jackson*, 345 F.3d at 644. Given the detailed facts contained in Agent Moles's affidavit, which the authorizing court was free to credit, we conclude that there is no clear error in the finding that the government met the necessity requirement for a wiretap.

We see no merit, moreover, in Mr. West's contention that the statutory regime governing wiretaps requires the wiretap evidence gathered here to be suppressed because federal agents did not "minimize the interception of communications" by ceasing to record or listen to conversations that were unrelated to the drug

---

[3]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

investigation. 18 U.S.C. § 2518(5); *see* 18 U.S.C. § 2515. Section 2518(5) "does not forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations." *Scott v. United States*, 436 U.S. 128, 140 (1978). We assess whether the government violated the statute by determining whether the government's actions were objectively reasonable in light of the particular circumstances. *See id.* at 137-38; *United States v. Padilla-Pena*, 129 F.3d 457, 462 (8th Cir. 1997). The district court's determination that the government acted reasonably is a factual finding, *id.* at 462, that we review for plain error in this case.

Here, the court order that authorized the wiretap required the government to minimize intercepted calls. The participating government agents were aware of the minimization requirement and were trained in its implementation; before the wiretap began, the agents signed documents confirming that they understood how to perform the necessary minimization. Mr. West's argument relies principally on the fact that the agents minimized only a small percentage of his many calls, but that does not establish that they acted unreasonably; we must consider all the relevant circumstances. *See Scott*, 436 U.S. at 140. The agents here were wiretapping a primary figure in a cocaine distribution network and were therefore likely to intercept many calls that pertained to that operation. *Cf. id.* And Mr. West presented no evidence showing that calls that should have been minimized were not. We conclude therefore that the district court did not plainly err in finding that the government's conduct was objectively reasonable and thus we uphold its denial of the suppression motion.

We affirm the judgment of the district court.

_____