# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1407

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Derrick Lamon Johnson, also known | * | |
| as Derek Lamon Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 19, 2009
Filed: April 15, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Derrick Johnson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Johnson filed a motion to suppress evidence obtained during the search of his vehicle, alleging that police did not have reasonable suspicion to stop his vehicle. Alternatively, Johnson argued that if the initial stop was legal, then the police wrongly expanded the stop and illegally searched his vehicle. After a hearing on the motion, the magistrate judge recommended that Johnson's suppression motion be denied. The district court adopted the magistrate judge's report and recommendation.

At sentencing, Johnson argued that § 924(e) of the Armed Career Offender Act (ACCA) did not apply to him because one of his prior convictions—fleeing a police officer in a motor vehicle—should not be considered a violent felony after *Begay v. United States*, 553 U.S. 137 (2008). The district court disagreed and ruled that § 924(e) applied. The district court then granted the government's downward departure motion for substantial assistance and sentenced Johnson to 66 months' imprisonment. On appeal, Johnson argues that the district court erred in denying his suppression motion and in ruling that his conviction for fleeing a police officer in a motor vehicle qualified as a violent felony. We affirm the district court's suppression motion ruling and reverse its § 924(e) ruling.

## I. *Background*

At approximately 1:00 a.m. on December 17, 2006, a central dispatcher with the Minneapolis police received an anonymous call about two vehicles parked in an alley with their engines running. Based on this call, Officers Roering and Suchta were dispatched to the 2600 block of Upton Avenue North in Minneapolis to investigate. Upon arrival, the officers turned into the alley and observed only one vehicle. This vehicle, a silver-colored van, was parked partially in a driveway and partially in the alley. As the officers approached the van, Roering shined the squad car's spotlight into the van. He observed a woman putting on clothing and a man move from the middle seat into the driver's seat. The driver drove toward the officers. Suchta then activated the squad car's emergency lights to initiate a stop. The van stopped and Roering approached the driver's window. When the driver rolled the window down, Roering smelled what he suspected was smoke from burning crack cocaine and saw what he believed was a "crack wrapper." Roering placed both Johnson and the passenger in the back of the squad car. The officers searched the vehicle and found a crack wrapper, marijuana residue, stems on the van's seat, and a loaded handgun in the center console.

Johnson was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Johnson moved to suppress all

evidence seized from his vehicle, including the handgun. After a hearing on the motion to suppress, the magistrate judge recommended that Johnson's suppression motion be denied. The district court adopted the magistrate judge's report and recommendation. Johnson then conditionally pleaded guilty, reserving the right to appeal the denial of his motion to suppress.

After entering his plea, Johnson provided substantial assistance to the government. As a result, at sentencing the government moved for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K. Also at sentencing, Johnson challenged the applicability of § 924(e), arguing that one of his prior convictions, fleeing a police officer in a motor vehicle, should not be considered a violent felony in light of the Supreme Court's decision in *Begay*. The district court disagreed and determined that this prior offense qualified as a violent felony. The district court applied the 15-year mandatory minimum sentence under § 924(e), departed downward, and ultimately sentenced Johnson to 66 months' imprisonment.

## II. *Discussion*
### A. *Motion to Suppress*

On appeal, Johnson argues that the district court erred in denying his motion to suppress the evidence obtained during the search of his vehicle because the anonymous tip and other observations did not provide reasonable suspicion to justify the stop. Johnson maintains that the late hour of the incident, and the furtive movements inside the vehicle, without more, were insufficient to establish reasonable suspicion to justify stopping his vehicle.

Next, Johnson argues that even if the stop was legal, the expansion of the scope of the stop was not based on reasonable, articulable suspicion. Johnson maintains that Roering's credibility suffered on cross-examination by the defense and his stated basis for expanding the stop was rendered incredible. Johnson emphasizes that despite initially testifying that he saw a large amount of smoke in the van, Roering admitted

that during his search of the vehicle no crack-smoking apparatus was found. Johnson also emphasizes that Roering acknowledged that he could not remember where he saw the crack wrapper, he did not photograph the crack wrapper, and he did not seize the crack wrapper to place it into evidence.

Johnson also contends that the automobile exception is inapplicable because the officers had no reasonable suspicion to believe that his vehicle was transporting contraband.

"We review the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Harper*, 466 F.3d 634, 643 (8th Cir. 2006) (citation omitted). "We will reverse a district court's denial of a motion to suppress only if the district court's decision 'is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made.'" *Id.* (quoting *United States v. Annis*, 446 F.3d 852, 855 (8th Cir. 2006)).

Johnson's arguments are unavailing. "For an officer to perform an investigatory stop of a vehicle, there must be reasonable suspicion." *United States v. Walker*, 555 F.3d 716, 719 (8th Cir. 2009) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

> In order for such a stop to be constitutional under the Fourth Amendment, the officer must be aware of particularized, objective facts, which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed. Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances.

*Id.* (internal quotations and citations omitted). In this case, the initial anonymous call, by itself, did not provide reasonable, articulable suspicion. However, the call,

combined with the other factual circumstances present, adequately supports the lawfulness of the initial stop. We find that the lateness of the hour, the van blocking the alley with its engine running, a woman in the middle seat of the van putting on clothing, the defendant moving quickly from the middle seat to the driver seat and attempting to drive away upon arrival of the squad car provided justification for an investigatory stop.

Second, while the district court acknowledged inconsistencies in Roering's recollection of the pertinent events, it chose to credit this testimony while discrediting Johnson's witness's testimony. Accordingly, it concluded that the search of the vehicle was legal. "A district court's assessment of witness credibility is 'virtually unreviewable on appeal.'" *United States v. West*, 589 F.3d 936, 938 (8th Cir. 2009) (quoting *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995). We find no error in the district court's ruling.

Finally, we need not address Johnson's automobile-exception argument as we find that the stop and search of Johnson's vehicle were legal.

### B. *Section 924(e)—Fleeing a Police Officer in Motor Vehicle*

Johnson's presentence investigation report recommended that his sentence be enhanced pursuant to § 924(e) of the ACCA based on the following prior convictions: (1) second degree assault and terroristic threats; (2) third degree burglary; and (3) fleeing a peace officer in a motor vehicle. The district court agreed.

Johnson argues that § 924(e) is inapplicable because his conviction for fleeing a police officer in a motor vehicle should not be considered a violent felony after *Begay*.

"We review *de novo* whether a prior conviction is a predicate offense under the ACCA." *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008). "The ACCA

imposes a mandatory minimum fifteen-year prison sentence if the defendant violates § 922(g)(1) 'and has three previous convictions . . . for a violent felony or a serious drug offense.'" *Id.* at 965–966 (quoting 18 U.S.C. § 924(e)(1)).

We agree with Johnson that his Minnesota conviction for fleeing a police officer in a motor vehicle should not have counted as a predicate offense under the ACCA.

Minnesota law describes the offense of fleeing a peace officer in a motor vehicle as follows:

> Subdivision 3. Fleeing officer; motor vehicle. Whoever by means of a motor vehicle flees or attempts to flee a peace officer who is acting in the lawful discharge of an official duty, and the perpetrator knows or should reasonably know the same to be a peace officer, is guilty of a felony and may be sentenced to imprisonment for not more than three years and one day or to payment of a fine of not more than $5,000, or both.

Minn. Stat. § 609.487 subd. 3. That same statutory section defines "fleeing" as follows:

> Subdivision 1. Flee; definition. For purposes of this section, the term "flee" means to increase speed, extinguish motor vehicle headlights or taillights, refuse to stop the vehicle, or use other means with intent to attempt to elude a peace officer following a signal given by any peace officer to the driver of a motor vehicle.

*Id.* at subd. 1. During the pendency of this appeal, we decided *United States v. Tyler*, 580 F.3d 722 (8th Cir. 2009). In *Tyler* we held that "[f]ocusing on the generic elements of the offense, as we must do under the categorical approach, we conclude that Minnesota's crime of fleeing a peace officer in a motor vehicle does not constitute a 'crime of violence' under the Sentencing Guidelines . . . ." *Id.* at 726 (internal citation

omitted). Although *Tyler* involved U.S.S.G. § 4B1.1 and not the ACCA, we consider *Tyler* dispositive. Johnson was convicted under the same Minnesota statute as was the defendant *Tyler*, and accordingly, we hold that Johnson's conviction for fleeing a police officer in a motor vehicle is not a violent felony under the ACCA.

## III. Conclusion

The judgment of the district court is affirmed in part and reversed in part. We remand to the district court for resentencing in accordance with this opinion.

_____