# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1596

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Pat Garcia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2010
Filed: May 7, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Pat Garcia conditionally pleaded guilty to a violation of 18 U.S.C. § 2250(a) for failing to register as a sex offender. The district court imposed a sentence of twenty-eight months' imprisonment and five years' supervised release. Garcia appeals, asserting a Rule 11 violation based on the fact that courts misstated the potential term of supervised release at two initial appearances and at his change-of-plea hearing. In addition, he argues the district court made unsupported factual findings for sentencing purposes and relied upon the findings to impose an unreasonable sentence. We affirm.

I.    Background

In November 2006, Garcia registered as a sex offender in South Dakota. He was required to re-register in January 2007, but did not do so. In May 2007, South Dakota authorities attempted to contact Garcia in South Dakota and learned that he had moved out of the state. In fact, he had moved to Colorado and had not registered there. Authorities in Colorado arrested him in August 2008 for failing to register.

During an initial appearance in Colorado, a magistrate judge advised him "some" period of supervised release would "probably apply," but the court did not articulate the period. Shortly after this appearance, Garcia was transferred to South Dakota. There, in an initial appearance, a magistrate judge informed Garcia the purpose of the proceeding was to inform him of the maximum penalties he faced. The court then instructed the Assistant United States Attorney ("AUSA") to relay this information to Garcia. In open court, the AUSA correctly told Garcia the statutory maximum term of incarceration for the charged offense was ten years. The AUSA incorrectly stated the maximum term of supervised release was three years. The AUSA did not refer to a minimum term of supervised release. In fact, the statutory minimum and maximum terms of supervised release were five years and life, respectively. See 18 U.S.C. § 3583(k).

Garcia raised five separate arguments challenging the constitutionality of § 2250(a). The district court rejected these arguments citing our controlling authority from United States v. May, 535 F.3d 912 (8th Cir. 2008).[1] Garcia then decided to plead guilty without entering into a plea agreement.

---

[1]Garcia renews these arguments on appeal merely to preserve the issues for possible en banc or Supreme Court review. We do not address them further.

The district court held a change-of-plea hearing. At the hearing, the district court mistakenly advised Garcia that the maximum term of supervised release for his offense was three years. Garcia entered his guilty plea and provided a factual basis for the plea.

The probation office subsequently prepared a presentence investigation report ("PSR") containing several assertions relevant to this appeal. The cover of the PSR correctly stated Garcia's offense was "[p]unishable by 10 years imprisonment, a $250,000 fine, or both; *5 years to life TSR*, and $100 VAF." (Emphasis added). Paragraph sixty-seven of the PSR, under the heading "Supervised Release" stated, "Statutory Provisions: The authorized term of supervised release is at least 5 years up to life. 18 U.S.C. § 3583(k)." Paragraph sixty-nine stated:

> Guideline Provisions: The guideline range for a term of supervised release in sex offenses is at least 5 years up to life. USSG § 5D1.2(b)(1). If a sentence of imprisonment of 1 year or less is imposed, a term of supervised release is not required but is optional. USSG § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than 1 year. USSG § 5D1.1(a).

Garcia and his counsel made no objections to the PSR.

At sentencing, the AUSA repeated the earlier error, asking the court for a minimum of three years' supervised release. Garcia's counsel, however, appeared to appreciate the error and understand that the minimum term of supervised release was five years. Counsel noted that the statute "provides a very long period of supervised release. The minimum supervised release period is the maximum that he could get on probation and, of course, he could get longer than that." The PSR stated the maximum term of probation was five years.

The district court sentenced Garcia to twenty-eight months' imprisonment. This sentence was within the undisputed advisory Guideline range of twenty-four to thirty months. This advisory range included a three-level downward adjustment for acceptance of responsibility. In applying the factors of 18 U.S.C. § 3553(a) and rejecting Garcia's plea for a below-Guideline sentence, the district court stated it believed Garcia intentionally violated the law in order to avoid disclosing his location to law enforcement. The PSR, while describing Garcia's violation as intentional, indicated he avoided registration in order to find a job and a place to live. Neither the PSR nor any testimony at sentencing expressly stated Garcia failed to register in order to avoid disclosure of his whereabouts to law enforcement.

The court also imposed the five-year statutory mandatory minimum term of supervised release. Before the proceeding ended, the court asked if there were any objections. Garcia and his counsel failed to object.

II.    Discussion

Because Garcia and his counsel failed to object in the district court to the earlier misstatements regarding the term of supervised release, our review of the Rule 11 issue is merely for plain error. See United States v. Todd, 521 F.3d 891, 896 (8th Cir. 2008). We review the factual findings underlying the sentencing decision for clear error and the overall reasonableness of the sentence for abuse of discretion. See United States v. Martinez-Hernandez, 593 F.3d 761, 762 (8th Cir. 2010).

A.    Rule 11

It is undisputed that the failure to properly advise Garcia of the applicable statutory minimum and maximum terms of supervised release was in violation of Federal Rule of Criminal Procedure 11(b)(H) and (I), respectively. At all material times, however, Garcia was properly advised that he faced a term of incarceration of

-4-

up to ten years.  He argues that, regardless of the accurate advice regarding the potential term of incarceration, he would not have pleaded guilty had he known he also faced a term of supervised release from five years to life.  He argues, in essence, that he knowingly and voluntarily entered a guilty plea subject to a possible ten-year prison term and a possible three-year term of supervised release, but that two or more years of additional supervised release would have tipped the scale against a plea.

In order to receive relief in accordance with the plain error standard in this context, Garcia must show not only an error in the failure to follow Rule 11 but also a "reasonable probability that but for the error, he would not have entered a guilty plea."  United States v. Luken, 560 F.3d 741, 745 (8th Cir. 2009).  Even if he establishes such a probability, relief is discretionary and "the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 732 (1993) (citations omitted).

In support of the assertion that he would not have entered his guilty plea had he been properly advised of the potential term of supervised release, Garcia presents an affidavit and describes his personal experience with probation and parole.  He notes that he received a short sentence for his original, underlying sex offense but that he violated his parole and was subsequently incarcerated for a much longer period of time.  He describes parole as onerous and asserts that a minimum of five years and a possibility of life on supervised release was particularly and personally objectionable to him.  He concludes that the potential term of supervised release would have been too long for him to have entered a guilty plea.

In the overall context of the present case, we find Garcia's assertions unconvincing and do not believe Garcia has shown the requisite "reasonable probability" that he would not have pleaded guilty but for the error.  First, we note that Garcia was, at all times, properly informed of the correct potential term of ten years'

incarceration for his offense. In the abstract, we find it improbable, albeit not impossible, that a defendant's decision to enter into a plea agreement would be driven by the potential term of supervised release rather than the potential and substantial ten year term of actual incarceration. The relative importance of these two sentence components, of course, may vary depending on the statutory and Guideline ranges of punishment. It is reasonable to believe that with a shorter possible term of incarceration, the length of the term of supervised release could carry greater weight in the plea decision. Here, however, the statutory maximum term of incarceration was substantial, and the Guidelines range of imprisonment, even with a three-level adjustment for acceptance of responsibility, was twenty-four to thirty months. Without the adjustment, it would have been thirty-three to forty-one months, and failing to plead may have placed the adjustment in jeopardy. We have difficulty in this context believing that Garcia would have placed such weight on the term of supervised release.

Second, Garcia's actions in this case belie his assertion that he personally ascribed such high importance to the potential term of supervised release. He failed to object to the PSR statements that differed from the advice he previously received. Not only did he fail to object to the PSR, he did not attempt to withdraw his plea, and he failed to object at sentencing when the district court imposed the five-year term of supervised release. Had Garcia's decision to plead guilty been closely dependent on the mistaken view that he faced a maximum of three years' supervised release, we believe it likely that he would have spoken up in the district court before the entry of judgment. See Luken, 560 F.3d at 745 ("Together, these failures indicate the issue's relative unimportance to Luken's decision to plead guilty . . . .").

Even if we were to accept Garcia's assertion that he would not have pleaded guilty but for the error, we find nothing about the present case that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Luken, 506 F.3d at 745 (quoting Olano, 507 U.S. at 732). Garcia received accurate information

through the PSR, he had the opportunity to object to the PSR, and he had the opportunity to object at sentencing. In fact, the court invited him to object after pronouncing a sentence that included a term of supervised release greater than three years. Garcia took advantage of none of these opportunities. His failure to do so does not suggest unfairness or impugn the integrity or public reputation of the judicial proceedings.[2]

B.    Sentencing

The district court found at sentencing that Garcia intentionally failed to register in order to avoid detection by law enforcement. The district court stated this conclusion in applying 18 U.S.C. § 3553(a) and as a reason for rejecting Garcia's request for a term of incarceration below the advisory Guidelines range.

The PSR stated that Garcia failed to register in Colorado because disclosure of his status as a registered sex offender would have made it difficult to locate work and secure a place to live. Garcia argues that because the government did not object to this factual assertion in the PSR, the district court was bound to accept this fact as true for sentencing purposes. Garcia asserts that this fact should have precluded the finding that he intentionally failed to register in order to avoid detection by law enforcement.

Garcia's argument is without merit. Initially, we note that the paragraph Garcia relies upon itself establishes that the failure to register was intentional. Further, nothing about the referenced paragraph is inconsistent with the district court's finding

---

[2]Garcia suggests that counsel participated in the errors and failed to apprise him of the actual potential statutory terms of supervised release. Counsel's performance, however, is a matter to be addressed through an ineffective assistance claim and not on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006).

that he failed to register in order to avoid detection by law enforcement. Garcia easily could have had multiple motivations for his intentional failure to register, and the district court did not purport to describe Garcia's sole or exclusive motivation.

In addition, it is reasonable to infer that Garcia desired to avoid detection by law enforcement ultimately to avoid any of the countless burdens attendant to registration. Decreased housing and employment opportunities are merely two of these burdens. Detection by law enforcement necessarily would have led to eventual re-registration, and Garcia's self-declared motives, therefore, were furthered by avoiding detection. As such, the district court's finding is wholly consistent with Garcia's asserted motivation.

We conclude that the record as a whole permits and supports the district court's finding. The PSR indicates that when registering in South Dakota in 2006, Garcia agreed to notify authorities if he moved out of the state. Garcia then not only moved out of the state without notifying authorities, but he used an alias while in Colorado. Garcia made no objection to these statements in the PSR, and the district court was entitled to rely upon them for sentencing purposes. See United States v. Razo-Guerra, 534 F.3d 970, 976–77 (8th Cir. 2008). The district court reasonably could view the use of the alias as a desire to avoid detection by law enforcement and not merely a desire to conceal his status from prospective employers and landlords.

Finally, regarding substantive reasonableness, we find nothing in the present case sufficient to overcome the presumption of reasonableness applicable to Garcia's within-range sentence. See United State v. Wilder, 597 F.3d 936, 945 (8th Cir. 2010).

We affirm the judgment of the district court.

_____

-8-