# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2176

_____

United States of America,

        Appellant,

    v.

Eric D. Strother,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH Circuit Judges.

_____

PER CURIAM.

The Government appeals from the district court's imposition of a 96-month sentence following Eric Strother's guilty plea to being a felon in possession of a firearm. The Government argues that Strother should have been sentenced as an armed career criminal under 18 U.S.C. § 924(e), based in part on Strother's predicate felony for possessing a short barreled shotgun under Mo. Rev. Stat. § 571.020.1. Applying circuit precedent, we agree. The district court's judgment is reversed, and the case is remanded for a new sentencing hearing.

The sole issue on appeal is whether Eric Strother's 1990 conviction for possessing a short barreled shotgun under Mo. Rev. Stat. § 571.020.1[1] (the only contested predicate conviction) is a violent felony for purposes of the Armed Career Criminal Act (ACCA), which imposes a statutory mandatory minimum sentence of fifteen years for felons in possession of a firearm who have three previous convictions for violent felonies or serious drug crimes. See § 924(e)(1). "We review *de novo* whether a prior conviction is a predicate offense under the ACCA." United States v. Johnson, 601 F.3d 869, 872 (8th Cir. 2010) (internal marks omitted).

Strother's predicate conviction is a violent felony if it fits within the residual clause of § 924(e), defining a violent felony to include a felony that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B)(ii) (emphasis added). A panel of this court recently held that possession of a sawed-off shotgun under Arkansas law is a violent felony. See United States v. Vincent, 575 F.3d 820, 827 (8th Cir. 2009) (concluding "that possession of a sawed-off shotgun is similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e)," applying the standard set out in Begay v. United States, 553 U.S. 137 (2008)), cert. denied, 78 U.S.L.W. 3687 (U.S. May 24, 2010); see also United States v. Harlow, 333 Fed. Appx. 152, 153 (8th Cir. 2009) (unpublished) (per curiam) (finding no plain error in district court's conclusion that possession of a short barreled rifle under the Missouri statute at issue here was a violent felony, relying on Vincent).

The Missouri crime at issue provides that "[a] person commits a crime if such person knowingly possesses, manufactures, transports, repairs, or sells . . . [a] short barreled rifle or shotgun." § 571.020.1(5). A conviction under this subsection is a Class C felony. § 571.020.3. It is undisputed that Strother's Missouri conviction was

---

[1]The only relevant difference between the Missouri statutes in effect at the time of Strother's conviction and the current statutes is the numbering of the subsections. We use the current statutes for ease of reference.

for possessing—as opposed to manufacturing, transporting, repairing or selling—a short barreled shotgun, so our focus is on the crime of knowingly possessing a short barreled shotgun. See Vincent, 575 F.3d at 824 (applying the modified categorical approach to determine which part of the Arkansas statute the defendant violated).

We recognize that there are slight differences between the Arkansas statute in Vincent and the Missouri statute at issue here. The Missouri statute defines a short barreled shotgun as one with a barrel less than 18 inches in length, see Mo. Rev. Stat. § 571.010(17), whereas the Arkansas statute at issue in Vincent prohibited any sawed-off gun regardless of its length, see Vincent, 575 F.3d at 822. The Arkansas Supreme Court also construes Ark. Code § 5-73-104(a) as including "the element that the weapon will inflict serious physical injury or death *and* serves no lawful purpose" in the definition of all the listed weapons, Vincent, 575 F.3d at 823, but the Missouri statute has no similar element. Nonetheless, both statutes target possession of short barreled shotguns, which we have frequently noted "'are inherently dangerous and lack usefulness except for violent and criminal purposes.'" United States v. Childs, 403 F.3d 970, 971 (8th Cir.) (quoting United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999)), cert. denied, 546 U.S. 954 (2005). It is not seriously disputed that a short barreled shotgun within the parameters of the Missouri statute serves no lawful purpose and will inflict serious physical injury.

As for the differences in defining the prohibited weapon based on its length, the Missouri definition of a short barreled shotgun tracks the federal definition contained in 26 U.S.C. § 5845(a), such that Strother's prior conviction is considered a crime of violence for purposes of the United States Sentencing Guidelines. See USSG § 4B1.2, comment. (n.1) (explaining that the term "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)"); § 5845(a) (defining "firearm" to include a shotgun with a barrel less than 18 inches in length). The Vincent court found the commentary to USSG § 4B1.2 persuasive in concluding that possessing a sawed-off

-3-

shotgun was a violent felony even though the Arkansas statute did not track the federal definition contained in § 5845(a).  See Vincent, 575 F.3d at 826.  Because a conviction under the Missouri statute does fit the federal definition, we find the commentary even more enlightening.  Cf. James v. United States, 550 U.S. 192, 204-06 (2007) (viewing USSG commentary that included attempt offenses as crimes of violence as "further evidence that a crime like attempted burglary poses a risk of violence similar to that presented by the completed offense" of burglary for purposes of the ACCA).

We see no meaningful distinction between the Arkansas and Missouri statutes. The reasoning applied by the court in Vincent applies equally to the elements of the Missouri statute.  Out of respect for *stare decisis*, we follow our prior panel's precedent.  See United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (internal marks omitted)), cert. denied, 129 S. Ct. 962 (2009); United States v. Barbour, 395 F.3d 826, 827-28 (8th Cir. 2005) (applying *stare decisis* to hold that a Kansas auto theft conviction was a violent felony based on then-binding precedent established by United States v. Sun Bear, 307 F.3d 747 (8th Cir. 2002), even though Sun Bear involved a Utah statute with different wording).

The sentence imposed by the district court is vacated, and the case is remanded for resentencing consistent with this opinion.

_____