# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2931

_____

United States of America,

        Appellee,

v.

Joaquin Lopez-Casas,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*
\*

_____

Submitted: January 6, 2011
Filed: January 11, 2011

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Joaquin Lopez-Casas appeals the 151-month prison sentence the district court[1] imposed after he entered a conditional guilty plea to possessing cocaine hydrochloride with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). He also appeals the district court's denial of his motion to suppress. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

We find no error in the denial of the motion to suppress. The evidence at the suppression hearing showed that Lopez-Casas consented to each part of the search, and there was no evidence of coercion. *See United States v. Luken*, 560 F.3d 741, 744 (8th Cir. 2009) (consensual searches do not violate the Fourth Amendment); *United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006) (consent to a search is voluntary unless it was a product of duress or coercion); *United States v. Hernandez*, 281 F.3d 746, 748 (8th Cir. 2002) (standard of review). We also find that the district court did not clearly err in denying a minor-role reduction because it was undisputed that Lopez-Casas agreed to drive money from New York to California and return with drugs. *See United States v. Adamson*, 608 F.3d 1049, 1053-54 (8th Cir. 2010) (standard of review; defendant's role in offense is measured in comparison to other participants; no role reduction for defendant who transported large amounts of drugs and money).

Furthermore, we conclude that the district court committed no procedural error in sentencing Lopez-Casas and imposed a substantively reasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____