# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3285

_____

United States of America,              *
                                             *
          Appellee,           *   Appeal from the United States
                                           *   District Court for the Western
   v.                        *   District of Missouri.
                                           *
Michael C. Moylan,              *      [UNPUBLISHED]
                                         *
          Appellant.          *

_____

Submitted: May 31, 2011
Filed: June 8, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael C. Moylan was charged with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Moylan moved to suppress evidence, arguing that the police searched his home and seized a firearm from under the front porch without a warrant or consent. The District Court[1] denied the suppression motion after a hearing, concluding that Moylan's live-in girlfriend validly consented to a search of

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

the premises and alternatively that the firearm was in plain view. A jury found Moylan guilty, and the court imposed a fifty-one-month prison sentence.

Proceeding pro se on appeal, Moylan argues that the District Court erred in denying the motion to suppress. Reviewing the court's factual determinations for clear error and its legal conclusions de novo, we reject this argument. See United States v. Johnson, 601 F.3d 869, 872 (8th Cir. 2010) (standard of review). We agree that Moylan's girlfriend had authority to consent to the search. See United States v. Nichols, 574 F.3d 633, 636 (8th Cir. 2009). Further, the District Court did not clearly err in finding that she did consent, given her testimony that she told the police she had no problem with them searching the residence and that she was present during the search and did not tell them to stop. See United States v. Luken, 560 F.3d 741, 744 (8th Cir. 2009). The record does not support Moylan's assertion on appeal that he objected to the search. See United States v. Almeida-Perez, 549 F.3d 1162, 1169 (8th Cir. 2008).

Accordingly, we conclude that denial of the suppression motion was proper, and we affirm the judgment of the District Court.

_____