# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3650

_____

United States of America,     *
                                     *

         Appellee,        *   Appeal from the United States
                                    *   District Court for the Western
    v.                        *   District of Arkansas.
                                     *

Jorge Hernandez,         *   [UNPUBLISHED]
                                     *

         Appellant.       *

_____

Submitted: October 17, 2011
Filed: October 24, 2011

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Jorge Hernandez pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court[1] imposed a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Hernandez appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

This court reviews the district court's factual findings in support of a sentencing enhancement for clear error. *United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010). A district court may give a two-level enhancement if it finds by a preponderance of the evidence that the defendant possessed or used a weapon during the commission of an offense. *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000). The firearm enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n. 3. *See United States v. Anderson*, 618 F.3d 873, 880 (8th Cir. 2010). A firearm is connected with an offense if there is a temporal and spatial nexus between the firearm, the drug-trafficking activity, and the defendant. *United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005). The government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense. *Id.*, citing *United States v. Bost,* 968 F.2d 729, 731-32 (8th Cir. 1992).

Hernandez does not dispute he possessed a firearm, but says it was clearly improbable the gun was connected to his offense. He contends it was separate from his drug activity because it was unloaded, wrapped in a bandana and electrical tape, and hidden in the attic above his garage. Hernandez initially told officers he did not know about the gun in his attic, but later stated it was his and he kept it in the attic wrapped up to keep the police from finding it. Hernandez testified differently at sentencing — that he got the firearm to protect his family.

A district court's assessment of credibility is virtually unreviewable on appeal. *United States v. Johnson*, 601 F.3d 869, 872 (8th Cir. 2010). The district court did not credit Hernandez's testimony and reasonably believed he hid the firearm in his attic to prevent discovery by police. It was undisputed that Hernandez lived at the house, where he twice sold meth and the illegal drugs and firearm were located. The temporal and spatial nexus is met. Because it was not clearly improbable that the

firearm was connected with the offense, the district court did not clearly err in imposing the enhancement.

The judgment is affirmed.

_____