# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1350

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Terry Duane Mortensen,　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Defendant - Appellant.　　*

_____

Submitted: June 17, 2011
Filed: July 7, 2011

_____

Before MURPHY and SMITH, Circuit Judges, and SCHREIER,[1] District Judge.

_____

PER CURIAM.

Terry Duane Mortensen and the government entered into a plea agreement in which Mortensen pled guilty to possessing a firearm in relation to a drug trafficking crime and agreed to a 120 month prison sentence with up to five years of supervised release. After thoroughly scrutinizing the agreement, the district court[2] accepted the

_____

[1] The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

[2] The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

plea deal and imposed the stipulated sentence, which Mortensen now appeals. We affirm.

Police discovered methamphetamine manufacturing ingredients, two baggies of meth powder, marijuana, and six firearms in Mortensen's basement in July 2008. A grand jury indicted Mortensen on six counts related to the drugs and weapons. Mortensen and the government negotiated a plea deal under Federal Rule of Criminal Procedure 11(c)(1)(C) in which Mortensen agreed to plead guilty to possessing a firearm in relation to a drug trafficking crime and the government agreed to drop the other five charges. Rule 11(c)(1)(C) allows the parties to "agree that a specific sentence . . . is the appropriate disposition of the case." Id. It also provides that the parties' stipulated sentence "binds the court once the court accepts the plea agreement." Id. Mortensen's plea agreement contemplated a prison sentence of 120 months and a term of supervised release of up to five years.

Mortensen pled guilty in front of a magistrate judge in June 2009. The magistrate judge thoroughly discussed the terms of the plea agreement with Mortensen and determined that his guilty plea was knowing and voluntary. Upon the magistrate judge's recommendation the district court accepted Mortensen's guilty plea, but deferred its decision on whether to accept the plea agreement and its sentencing terms until the presentence report (PSR) became available. After reviewing the PSR, the district court held a sentencing hearing in December 2009.

At the sentencing hearing the district court expressed grave concerns about the length of the stipulated prison sentence, particularly in light of Mortensen's limited criminal history. Describing Mortensen's guilty plea as "conditional" upon the district court's determination that the stipulated sentence was appropriate, the court asked for an explanation as to why the sentence was not greater than necessary. The government and defense counsel both assured the court that the agreement was in

Mortensen's best interest because he could face a twenty year minimum sentence if he went to trial on a superseding indictment charging all of his criminal conduct.

The district court informed Mortensen that he could repudiate the stipulated sentence and withdraw his plea. Mortensen reaffirmed his desire to plead guilty under the terms of the agreement. The court accepted the plea agreement and sentenced Mortensen to 120 months in prison and three years of supervised release, but stated that it would have "reject[ed] the sentence as being one that's greater than necessary" if the lawyers had not urged that it was appropriate.

Mortensen appeals his sentence, arguing that the district court should not have agreed to impose a prison term it thought excessive. Because it described his guilty plea as "conditional," Mortensen contends that the district court erroneously believed that it could not reject the plea agreement without also rejecting the guilty plea itself. And if the court realized that it could accept the guilty plea but not the agreement, Mortensen argues that the court should have explained that possibility to him.

We review for plain error Rule 11 issues first raised on appeal. United States v. Foy, 617 F.3d 1029, 1034 (8th Cir. 2010). We find no such error here. The district court could have accepted or rejected the plea agreement at the sentencing hearing. Fed. R. Crim. P. 11(c)(3)(A). After extensive discussion with both attorneys and Mortensen, the court accepted the agreement and imposed the bargained for sentence. The district court acknowledged its power to "reject the sentence," indicating that it understood the nature of the Rule 11(c)(1)(C) plea arrangement. The district court also had no obligation to explain to Mortensen everything that might have happened if it rejected the plea agreement because Rule 11(c)(5) only requires a court to do that when rejecting an agreement. The agreement in this case was not rejected.

Mortensen also cannot demonstrate that any alleged error by the district court affected his substantial rights. See Foy, 617 F.3d at 1034. To do so he would have

to show a reasonable probability that he was prejudiced by the district court's error. United States v. Pirani, 406 F.3d 543, 553 (8th Cir. 2005) (en banc).  Mortensen does not seriously contend that he would not have pled guilty but for the alleged error.  He argues instead that the district court might have rejected the plea agreement.  That decision was the district court's alone, and Mortensen has not established that there was any reasonable probability of a different outcome or that his substantial rights were affected in any way.  We also do not think that Mortensen would have asked the district court to reject the plea agreement if he had been fully briefed on the potential consequences.  Without the plea deal, the government would not have had to drop the five remaining charges and could have superseded the indictment with more charges carrying harsher sentences.  Mortensen's substantial rights were not affected.

For these reasons, we affirm the judgment of the district court.

_____