# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1286

_____

United States of America

*Plaintiff - Appellee*

v.

Alexandra Jones, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 29, 2016
Filed: October 4, 2016
[Unpublished]

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Alexandra Jones directly appeals after he pleaded guilty to participating in a drug conspiracy and the district court[1] sentenced him to a below-Guidelines-range

---

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

prison term of 240 months. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that an error under Federal Rule of Criminal Procedure 11 occurred at the plea hearing, and that the district court imposed a substantively unreasonable sentence. Jones has filed a pro se brief, raising an ineffective-assistance claim and suggesting that his guilty plea was not knowing and voluntary. He has also filed two motions in this court.

To begin, we decline to consider the ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). We further conclude that Jones's challenge to his guilty plea is not cognizable on direct appeal, because he did not move in the district court to withdraw his guilty plea. Cf. United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presents argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea). As to counsel's Rule 11 argument, we conclude that no plain error occurred. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004) (plain-error review applies where Rule 11 error was not preserved by timely objection; defendant must show reasonable probability that, but for error, he would not have entered plea); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). In addition, we conclude that Jones's 240-month prison term is not substantively unreasonable. See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, the

judgment is affirmed, counsel's motion to withdraw is granted, and Jones's pending motions are denied as moot.

———————————————————