# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1414

———————————————

United States of America

*Plaintiff - Appellee*

v.

Romeo Reccarro, also known as Terry Lee Roundtree

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: November 9, 2016
Filed: November 15, 2016
[Unpublished]

——————————

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Romeo Reccarro appeals after he pleaded guilty to a child-pornography charge, pursuant to a plea agreement that contained an appeal waiver, and the district court[1]

———————————————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

sentenced him to a below-Guidelines prison term. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. Reccarro has filed a pro se brief claiming that he received ineffective assistance of counsel, and asserting that his guilty plea was coerced.

We decline to consider Reccarro's ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). We also decline to consider his assertion regarding the voluntariness of his guilty plea. To the extent he raised concerns regarding his plea in the district court, such concerns were raised only in the context of his request for new counsel and were subsequently withdrawn when he decided to proceed with sentencing. Cf. United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presents argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea); United States v. Lane, 23 F. App'x 596, 597 (8th Cir. 2001) (refusing to entertain pro se argument that guilty plea was not knowing and voluntary where defendant withdrew such request below).

Reccarro's counsel acknowledges that the plea agreement contained an appeal waiver, but asks the court to address the reasonableness of Reccarro's sentence. We do not address the waiver because we conclude that Reccarro's below-Guidelines-range sentence is not unreasonable. Nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors. In particular, we note that the district court considered the policy arguments raised by defense counsel and in part relied on them in reducing Reccarro's sentence below the Guidelines. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse-of-discretion review of sentence); United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009)

(when district court varies downward from presumptively reasonable Guidelines recommendation, it is "nearly inconceivable" that court abused its discretion by not varying downward further).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion, and we dismiss this appeal.

———————————————