# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1927

_____

United States of America,

*Plaintiff - Appellee,*

v.

Deryl Lamar Abram,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 7, 2016
Filed: December 13, 2016
[Unpublished]

_____

Before COLLOTON, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to drug charges, Deryl Abram appeals the district court's[1] sentence. His counsel has moved to withdraw and has filed a brief under *Anders v.*

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

*California*, 386 U.S. 738 (1967). He argues that Abram's plea was not voluntary or knowingly entered, that the district court procedurally erred in calculating the applicable base offense level, and the sentence was unreasonable.

We conclude the argument that Abram's plea was not voluntarily and knowingly entered is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010). Further, the district court did not abuse its discretion in sentencing Abram. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). The court committed no procedural error, as counsel's objection to the factual predicate in the PSR was sustained, and the offense level was re-calculated accordingly, *see* U.S.S.G. § 2D1.1(c)(11). The sentence was not substantively unreasonable, as within-Guidelines-range sentences may be presumed reasonable, *see United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014), and the district court imposed the sentence after considering the 18 U.S.C. § 3553(a) factors, *see United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009). We have also independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues.

Accordingly, the judgment is affirmed and counsel's motion is granted.

_____