# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3205

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Bradford Petersen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 18, 2017
Filed: January 23, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jason Bradford Peterson pled guilty to distribution of child pornography pursuant to a plea agreement. He appeals the district court's[1] below-Guidelines

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentence, arguing the court's imposition of an increase in his offense level under U.S.S.G. § 2G2.2(b)(3)(B) (5-level increase for distribution of child pornography in exchange for a thing of value) constituted impermissible double-counting, as the underlying offense involved distribution. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). In his supplemental brief, Peterson argues that his plea was not knowing or voluntary; that he was rushed and misled by his attorney; and that he had intended to plead guilty to possession, not distribution, of child pornography. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The district court did not err because Peterson exchanged videos, which was not fully accounted for by his underlying distribution offense. *See United States v. Callaway*, 762 F.3d 754, 759 (8th Cir. 2014) (procedural errors not objected to at sentencing are reviewed for plain error); *United States v. Hipenbecker*, 115 F.3d 581, 583-84 (8th Cir. 1997) (double counting occurs only when applied Guideline increases punishment on account of kind of harm already fully accounted for by another part of Guidelines). Peterson's argument that his plea agreement was not knowing or voluntary is not cognizable on direct appeal because he did not move to withdraw his guilty plea in the district court. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presented argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea). To the extent Peterson argues counsel was ineffective, this court declines to address the claim. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). An independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988) reveals no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____