# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3384

_____

United States of America

*Plaintiff - Appellee*

v.

Diamond Lynell Cooper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 22, 2017
Filed: May 26, 2017
[Unpublished]

_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Diamond Cooper directly appeals the sentence the district court[1] imposed after he pled guilty, pursuant to a plea agreement containing an appeal waiver, to drug,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

money laundering, and firearm offenses. His counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 38 (1967), questioning whether Cooper's guilty plea was voluntary, whether the court imposed a reasonable sentence, and whether counsel was effective.

First, we decline to consider Cooper's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where the record can be properly developed). We further conclude that Cooper's involuntary-plea claim is not cognizable on direct appeal because he did not move below to withdraw his guilty plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (the claim that defendant's plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw his guilty plea).

As to Cooper's challenge to the reasonableness of his sentence, we conclude that the appeal waiver is valid, applicable, and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of the validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

In addition, we have independently reviewed the record, pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver. Accordingly, we dismiss this appeal, and we grant counsel's motion for leave to withdraw.

_____