# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2861

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Allan Lembo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 18, 2018
Filed: May 1, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mark Lembo appeals after he pleaded guilty to a drug offense and the district court[1] sentenced him to 216 months in prison. His appellate counsel has moved for

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting that—as a result of trial counsel's ineffective assistance—Lembo's guilty plea was not knowing and voluntary.

We decline to consider any ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (stating that ineffective-assistance claims are usually best litigated in collateral proceedings, where the record can be properly developed). We also conclude that any direct challenge to Lembo's guilty plea, as not knowing and voluntary, is not cognizable on direct appeal because Lembo did not move in the district court to withdraw his guilty plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (noting that, to the extent the defendant presented an argument to establish that his plea was unknowing or involuntary, such a claim would not be cognizable on direct appeal where he failed to move in the district court to withdraw his guilty plea). In addition, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____