# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3216
_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Sanchez-Valencia, also known as Paco

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 4, 2018
Filed: September 4, 2018
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Francisco Sanchez-Valencia directly appeals the Guidelines-range sentence the district court[1] imposed after he pled guilty to participating in a drug conspiracy. His

_____

[1] The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

appellate counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), suggesting that-- as a result of plea counsel's ineffective assistance--Valencia's guilty plea was not knowing and voluntary and his sentence was unreasonable.

We first conclude that Valencia's assertion that his guilty plea was unknowing or involuntary is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea. <u>See</u> <u>United States v. Foy</u>, 617 F.3d 1029, 1033-34 (8th Cir. 2010). We further decline to consider any ineffective-assistance claim on direct appeal, as they are best litigated in collateral proceedings where the record can be properly developed. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006). Finally, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____