# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1712

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jesus Jonathan Vazquez-Espinoza,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 1, 2019
Filed: October 9, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jesus Vazquez-Espinoza appeals the below-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a drug offense, pursuant to a plea

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

agreement containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), presenting as possible issues whether the appeal waiver is enforceable, and whether Vazquez-Espinoza's sentence is substantively unreasonable. Vazquez-Espinoza has filed a pro se brief stating that his counsel forced him to plead guilty, and asserting a potential suppression issue.

Initially, to the extent Vazquez-Espinoza asserts that his plea was involuntary, we conclude that such a claim is not cognizable on appeal because he did not move in the district court to withdraw his plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010). As to the remaining arguments in both the *Anders* brief and Vazquez-Espinoza's pro se brief, we conclude that the appeal waiver is valid and enforceable because Vazquez-Espinoza knowingly and voluntarily entered into the plea agreement and the appeal waiver, the arguments fall within the scope of the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

_____