# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3411
_____

United States of America

*Plaintiff - Appellee*

v.

Scott Wells, also known as Scott James Wells

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: June 1, 2022
Filed: June 15, 2022
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Scott Wells appeals after he entered a plea under North Carolina v. Alford, 400 U.S. 25 (1970), on the day of trial, to a one-count indictment charging him with knowingly receiving and distributing child pornography. See 18 U.S.C. § 2252(a)(2),

(b)(1). The district court[1] varied downward from the United States Sentencing Guidelines advisory range, imposing a 168-month prison sentence. Wells's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the prison sentence. In a pro se brief, Wells raises claims of ineffective assistance of counsel, judicial impropriety, prosecutorial vindictiveness, and the voluntariness of his plea.

We decline to address Wells's ineffective-assistance claims on direct appeal, as these claims are best addressed in collateral proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006). Next, we conclude the record does not support Wells's claims of judicial impropriety, see Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial remarks that are critical or disapproving of, or even hostile to parties or their cases, ordinarily do not support a bias or partiality challenge); Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996) (presiding judge is presumed impartial, and complaining party bears substantial burden of proving otherwise), or of prosecutorial vindictiveness, see United States v. Williams, 793 F.3d 957, 963 (8th Cir. 2015) (defendant bears heavy burden to show vindictive prosecution, which occurs when prosecutor seeks to punish defendant solely for exercising valid legal right). We also conclude that Wells's challenge to the voluntariness of his plea is not cognizable on appeal because he did not present it to the district court. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (involuntary-plea claim is not cognizable on appeal when defendant did not move to withdraw plea in district court).

To the extent counsel challenges the denial of an acceptance-of-responsibility reduction, we conclude the district court did not clearly err because it considered various factors when overruling Wells's objection. See United States v. Woods, 596

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

F.3d 445, 448 (8th Cir. 2010) (district court did not clearly err in denying acceptance-of-responsibility reduction when defendant waited until first day of trial to enter Alford plea). We further conclude Wells's prison sentence was not substantively unreasonable, as the district court considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. See 18 U.S.C. § 3553(a); Gall v. United States, 552 U.S. 38, 41, 51 (2007) (deferential abuse-of-discretion review of substantive reasonableness of sentence); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing the standard of review); United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (when district court varies below Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further").

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____