# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2689
_____

United States of America

*Plaintiff - Appellee*

v.

Duane McCoy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 24, 2023
Filed: April 11, 2023
[Unpublished]
_____

Before BENTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Duane McCoy appeals after he pled guilty to drug and firearm offenses, pursuant to a plea agreement containing an appeal waiver. The district court[1]

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

sentenced him to 180 months in prison consistent with the plea agreement. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable. In a pro se brief, McCoy challenges the sufficiency of the evidence supporting his plea to the drug charges, and asserts that the district court plainly erred in counting a prior drug conviction as a predicate offense for purposes of the career offender enhancement.

To the extent McCoy's challenge to the sufficiency of the evidence is a challenge to the voluntariness of his plea, the claim is not cognizable on direct appeal because he did not move below to withdraw his guilty plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010). This court concludes that the appeal waiver is valid, applicable, and enforceable as to the remaining arguments. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of the validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no nonfrivolous issues outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's motion to withdraw is granted.

_____