# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2328
_____

United States of America

*Plaintiff - Appellee*

v.

Terry D. Nading

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 24, 2025
Filed: January 29, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Terry Nading appeals the above-Guidelines sentence the district court[1] imposed after he pled guilty to drug and firearms offenses. His counsel has moved for leave

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Nading has filed a supplemental pro se brief, challenging the evidence pertaining to the charged offenses, the performance of his trial counsel, and the voluntariness of his plea agreement.

To the extent that he is challenging the voluntariness of his guilty plea, we conclude that Nading is precluded from making this argument on appeal, as he did not move to withdraw his plea in the district court. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). We decline to consider Nading's ineffective-assistance-of-counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

As to the remaining challenges raised by counsel and the defendant, we enforce the appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver and defendant knowingly and voluntarily entered into waiver). We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, we affirm the voluntariness of the plea agreement, and we dismiss the remainder of the appeal.

_____