# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2193
_____

United States of America

*Plaintiff - Appellee*

v.

Archester Rodgers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: January 24, 2025
Filed: January 29, 2025
[Unpublished]
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Archester Rodgers appeals the sentence imposed by the district court[1] after he pled guilty, pursuant to a plea agreement containing an appeal waiver, to being a

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

felon in possession of a firearm and ammunition. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging his sentence as substantively unreasonable. Rodgers has filed a pro se brief asserting he was not competent to plead guilty due to psychiatric issues and arguing that his due process rights were violated at sentencing.

Upon careful review, we conclude that, to the extent Rodgers intended to challenge the voluntariness of his guilty plea based on his assertion that he was not competent to plead guilty, the claim is not cognizable in this appeal. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). Regardless, the record demonstrates that Rodgers entered into the plea agreement and appeal waiver knowingly and voluntarily. See United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant about decision to enter into agreement and to waive right to appeal); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). As to the remaining issues raised in this appeal, we conclude that the appeal waiver is valid, enforceable, and applicable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver are reviewed de novo); Andis, 333 F.3d at 889-92 (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal outside the scope of the

appeal waiver.  Accordingly, we dismiss this appeal, and grant counsel's motion to withdraw.

_____