# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 24-3416

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Freddie Franklin

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: April 15, 2025
Filed: April 18, 2025
[Unpublished]

——————————

Before GRUENDER, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Freddie Franklin appeals after he pleaded guilty to a drug offense pursuant to a plea agreement containing an appeal waiver, and the district court[1] sentenced him

———————————————————

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

to time served and the minimum term of supervised release. His counsel has moved to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court procedurally erred in imposing Franklin's sentence by not adequately determining if his guilty plea was knowing and voluntary.

To the extent Franklin challenges the voluntariness of his guilty plea, the claim is not cognizable on direct appeal. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary would not be cognizable on direct appeal where defendant failed to move in district court to withdraw his guilty plea). Additionally, Franklin's challenge to the procedural reasonableness of his sentence is moot. See United States v. Aden, 830 F.3d 812, 816-17 (8th Cir. 2016) (challenge to sentence was moot where defendant had been released from custody); United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) (defendant's appeal was rendered moot upon his release from prison because there was no possibility on remand that district court could reduce statutory minimum term of supervised release); see also United States v. Gehl, 128 F.4th 1001, 1008-09 (8th Cir. 2025) (challenge to sentence was moot where district court sentenced defendant to mandatory minimum sentence).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

_____