# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1211

_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Ray Spencer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: July 10, 2025
Filed: July 22, 2025
[Unpublished]

_____

Before SMITH, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Nathan Spencer appeals the above-Guidelines sentence the district court[1] imposed after he pled guilty to being a prohibited person in possession of firearms

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

pursuant to a plea agreement containing an appeal waiver. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging the appeal waiver but challenging the substantive reasonableness of the sentence. Spencer has filed a supplemental pro se brief, stating he did not understand the plea agreement and challenging the calculation and length of his prison sentence.

First, this court concludes that Spencer is precluded from challenging the voluntariness of his guilty plea in this appeal. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). To the extent that he attempted to raise an ineffective-assistance-of-counsel claim, this court declines to consider it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

Upon careful review, this court concludes that the appeal waiver is enforceable, the remaining issues identified by counsel and in the supplemental brief fall within the scope of the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed and counsel's motion to withdraw is granted.

_____