United States Court of Appeals

For the Eighth Circuit

_____

No. 25-2294
_____

United States of America

*Plaintiff - Appellee*

v.

Ublester Molina

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 12, 2026
Filed: January 15, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Ublester Molina appeals after he pleaded guilty to a drug offense pursuant to a plea agreement that includes an appeal waiver, and the district court[1] imposed the

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

statutory maximum sentence.  In counseled and pro se briefs, Molina argues that his sentence is substantively unreasonable.  Molina also raises an ineffective-assistance-of-counsel claim.

To the extent Molina challenges the voluntariness of his guilty plea, we conclude that the claim is not cognizable in this appeal because he did not move in the district court to withdraw his plea.  See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010).  To the extent Molina has raised an ineffective-assistance claim that does not challenge the voluntariness of his guilty plea, but requires development of matters outside the record, this court declines to address the matter in this appeal.  See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing challenge.  See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we dismiss this appeal, and grant counsel's motion to withdraw.

_____