# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2378
_____

United States of America

*Plaintiff - Appellee*

v.

Jermanine M. Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 20, 2026
Filed: January 26, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jermanine Smith appeals after he pleaded guilty to carjacking and firearm offenses pursuant to a written plea agreement containing an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under Anders v.

California, 386 U.S. 738 (1967), arguing that the district court[1] erred by denying Smith's motion to suppress identification evidence. Smith has filed a pro se brief raising issues related to the jurisdictional element of the carjacking offense, the identification evidence, and ineffective assistance of counsel.

To begin, we conclude that there is no merit to Smith's jurisdictional challenge. See United States v. Johnson, 56 F.3d 947, 956 (8th Cir. 1995) (federal jurisdictional element of carjacking offense requires that vehicle taken during armed incident had been transported, shipped, or received in interstate or foreign commerce, which requires nothing more than showing car, at some time, has been in interstate commerce). To the extent that Smith is challenging the voluntariness of his guilty plea, we conclude that he is precluded from making this argument on appeal, as he did not move to withdraw his plea in the district court. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). We decline to consider Smith's ineffective-assistance-of-counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

As to the arguments challenging the identification evidence, we conclude that the appeal waiver is valid, applicable, and enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable John M. Bodenhausen, United States Magistrate Judge for the Eastern District of Missouri.

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal as to the arguments related to the identification evidence, and affirm in all other respects. We also grant counsel leave to withdraw.

_____