# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3541
_____

United States of America

*Plaintiff - Appellee*

v.

Gwendolyn E. Bellamy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: March 13, 2026
Filed: March 18, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Gwendolyn Bellamy appeals the sentence the district court[1] imposed after she pled guilty to embezzlement, pursuant to a plea agreement containing an appeal

_____

[1]The Honorable Brian C. Wimes, then District Judge, now Chief Judge, United States District Court for the Western District of Missouri.

waiver. Her counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. Bellamy has filed a pro se brief in which she appears to challenge the voluntariness of her plea.

Initially, we conclude that Bellamy is precluded from challenging the voluntariness of her guilty plea in this appeal because she did not move to withdraw her plea below. <u>See</u> <u>United States v. Foy</u>, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presents argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea).

We also conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in the <u>Anders</u> brief. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and dismiss the appeal.

_____