United States Court of Appeals

For the Eighth Circuit

_____

No. 17-2419

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Charles Munson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 30, 2018
Filed: February 9, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Justin Munson directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to attempting to manufacture

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

methamphetamine. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable. Munson has filed a pro se brief arguing that: the district court lacked jurisdiction; he received ineffective assistance of counsel; his plea was unknowing or involuntary; the district court erred in calculating the drug quantity supporting his base offense level; and there was no evidence proving the manufacturing element of the crime.

To begin, we conclude that there is no merit to Munson's contention that the district court lacked jurisdiction. See 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against laws of United States); United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (subject-matter jurisdiction in every federal criminal prosecution comes from § 3231). Next, we decline to consider Munson's ineffective-assistance-of-counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed).

We also conclude that Munson's assertion that his guilty plea was unknowing or involuntary is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). We further conclude that his evidentiary argument was waived by his valid guilty plea and, in any event, is contradicted by his statements at the plea hearing. See United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006) (by entering valid guilty plea, defendant waives all non-jurisdictional defects or errors); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

As to the sentencing arguments, we first conclude that Munson waived his challenge to his base offense level by withdrawing his relevant objections to the presentence report. See United States v. Stoney End of Horn, 829 F.3d 681, 687-88 (8th Cir. 2016) (where defendant withdrew objection to sentencing enhancement in district court, claim of error on appeal was waived). We also conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed, and counsel's motion to withdraw is granted.

_____