# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-4330

———————————————

United States of America

*Plaintiff - Appellee*

v.

Aamir A. Hafiz-Thompson

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted:  February 7, 2018
Filed: February 9, 2018
[Unpublished]

————————

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

————————

PER CURIAM.

Aamir Hafiz-Thompson directly appeals the above-guidelines-range sentence the district court[1] imposed after he pleaded guilty to possessing a stolen firearm,

———————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

pursuant to a plea agreement that contained an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, and questioning whether the district court complied with Fed. R. Crim. P. 11 at the change-of-plea hearing and whether the sentence is procedurally or substantively unreasonable. In his pro se briefs, Hafiz asserts that he received ineffective assistance of counsel and that his plea was unknowing or involuntary.

To begin, we decline to consider Hafiz-Thompson's ineffective-assistance-of-counsel claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). Next, we conclude that his assertion that his guilty plea was unknowing or involuntary is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). With regard to counsel's Rule 11 argument, we find no plain error. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004) (standard of review).

As to counsel's remaining arguments challenging the procedural and substantive reasonableness of the sentence, we conclude that the appeal waiver is valid and enforceable. In particular, we note that Hafiz-Thompson's own statements at the change-of-plea hearing indicated that he knowingly and voluntarily entered into the plea agreement and appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

———————————————